ANNE PENACHIO, ESQ.
Attorney for Certified Fence Corporation
575 White Plains Road
Eastchester, NY 10709
(914) 961-6003
Anne Penachio (AJP-9721)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
------------------------------------------------X

In re:                                        :    CHAPTER 11

      CERTIFIED FENCE CORPORATION,      :    CASE NO.:  07-22319 (ASH)

      Debtor.                            :
------------------------------------------------X

      CERTIFIED FENCE CORPORATION,

      Plaintiff                          :    Civil Case No.:

    -against-                              :

COLUMBUS CONSTRUCTION CORP. d/b/a       :
COLUMBUS CONSTRUCTION, INC. and
UNITED STATES FIRE INSURANCE            :
COMPANY, THE NEW YORK STATE
DEPARTMENT OF TRANSPORTATION,           :
NEW YORK STATE OFFICE OF THE
COMPTROLLER, C.I. CONSULTING AND        :
MANAGEMENT CORP., TILCON NEW YORK
INC., TRINITY INDUS., INC., BINGHAMPTON :
PRE-CAST & SUPPLY CORP., M.V.M.
CONTRACTING CORP., COASTAL PIPELINE     :
PRODUCTS CORP., HERMOSA CORP.,
GOTHAM EQUIPMENT AND SUPPLY CORP.,      :
DJ HIGHWAY SIGN & STRUCTURE CORP. and
McCAREY LANDSCAPING, INC.,              :

      Defendants.                        :
------------------------------------------------X

## NOTICE OF REMOVAL OF STATE COURT ACTION

TO:    UNITED STATES DISTRICT COURT, THE CLERK OF THE UNITED STATES
       DISTRICT COURT, THE HONORABLE ADLAI S. HARDIN, JR., UNITED STATES
       BANKRUPTCY JUDGE, THE CLERK OF THE UNITED STATES BANKRUPTCY
       COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, THE HONORABLE
       WILLIAM GIACOMO, THE CLERK OF THE SUPREME COURT OF THE STATE

OF NEW YORK, COUNTY OF WESTCHESTER, AND ALL PARTIES IN THE
STATE COURT CIVIL ACTION HEREBY REMOVED:

      **PLEASE TAKE NOTICE THAT** the debtor and debtor in possession in

the above-captioned chapter 11 case (the "Debtor"), by its counsel and proposed counsel,

Anne Penachio, Esq., hereby submit this Notice of Removal, pursuant to 28 U.S.C.

§§ 157(a) and 1452(a) and in accordance with Rule 9027 of the Federal Rules of

Bankruptcy Procedure, removing the following case from the New York State Supreme

Court, Westchester County:

> [Certified Fence Corporation, Corp., Plaintiff. v. Columbus Construction Corp.
>
> d/b/a Columbus Construction, Inc. and United States Fire Insurance Company,
>
> The New York State Department of Transportation, New York State Office of the
>
> Comptroller, C.I. Consulting and Management Corp., Tilcon New York Inc.,
>
> Trinity Indus., Inc., Binghampton Pre-Cast & Supply Corp., M.v.m. Contracting
>
> Corp., Coastal Pipeline Products Corp., Hermosa Corp., Gotham Equipment and
>
> Supply Corp., Di Highway Sign & Structure Corp. And Mccarey Landscaping
>
> Inc., Defendants, Supreme Court of the State of New York, Westchester County,
>
> Index No. 25069/06] (the "State Court Lien Foreclosure Action").

      In support of this removal, the Debtor respectfully represents as

follows:

1.      On or about April 7, 2007 (the "Petition Date"), the Debtor filed for relief  (the "Chapter 11 Case") under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").  The Chapter 11 Case is pending before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  Since the filing, the Debtor has continued in its business and managing its properties as debtor and debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Approximately 4 months prior to the Petition Date, the Debtor commenced an action against Columbus Construction Corp. d/b/a Columbus Construction, Inc. and United States Fire Insurance Company in New York State Supreme Court, Westchester County which was assigned index number 24083/06 (the "Breach of Contract Action").

3.      In the Breach of Contract Action, the Debtor seeks damages against defendant Columbus Construction Corp. d/b/a Columbus construction, Inc. ("Columbus') and United State Fire Insurance Company ("U.S. Fire").

4.      The Debtor is primarily engaged as a sub-contractor providing fencing, guardrails and road work to general contractors.

5.      Columbus is a general contractor which entered into a contract with the New York State Department of Transportation for improvements to I-684 (the "I-684 Project").

6.      U.S. Fire issued bond insuring, inter alia, payment of monies due to Columbus' subcontractors of labor and material provided under the I-684 Project.

3

7.    The Debtor and Columbus entered into a contract whereby the Debtor agreed, <u>inter alia</u> to perform certain fencing, labor and rail services and Columbus agreed to pay the Debtor consideration.

8.    In the Breach of Contract Action, the Debtor asserts four causes of action against defendant Columbus including breach of contract and breach of its implied duty to act in good faith and deal with the Debtor reasonable and fairly.    The Debtor asserts a cause of action against defendant U.S. Fire for payment under the bond.

9.    At or about the same time that the Debtor commenced the Breach of Contract Action, it filed a mechanics lien against the Columbus.

10.    Thereafter, it commenced the State Court Lien Foreclosure Action to foreclose on the mechanic's lien.

11.    Although numerous defendants are named in the State Court Lien Foreclosure Action[1], Columbus and U.S. Fire are the only true only parties in interest.

12.    Contemporaneously herewith, the Debtor has removed the Breach of Contract Action from State Court.

13.    Defendants Columbus and U.S. Fire interposed answers.

14.    The litigation is in the pre-trial discovery stages.

## FACTS SUPPORTING REMOVAL

15.    The State Court Lien Foreclosure Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court, and it is not a civil action by a government unit to enforce such

---

[1] New York law requires that any party with an interest in the project be named as a party.

4

government unit's police or regulatory power.

16.     The State Court Lien Foreclosure Action, until the filing of this Notice of Removal and the filing of a copy of this Notice of Removal with the clerk of the State Court, was still pending before the New York State Supreme Court, Westchester County.

17.     Removal is appropriate because, upon information and belief, absent such removal, the issues in the State Court Lien Foreclosure Action cannot be adjudicated in a timely fashion.  Although the primary issues implicated do not implicate complex issues of law and fact, discovery is not anticipated to conclude until at least September 2008.  A trial will not likely take place until 2010 or later.  Moreover, the State Court Lien Foreclosure Action is integrally related to the Breach of Contract Action which will be removed contemporaneously herewith.

18.     Absent removal, the Debtor's ability to propose a feasible plan of reorganization in a timely fashion will be seriously impeded.   The Debtor intends to fund its chapter 11 plan, in part, with the recovery from the State Court Lien Foreclosure Action.  Indeed, the Debtor intends to utilize the proceeds of the State Court Lien Foreclosure Action to pay its creditors.  By removing the State Court Lien Foreclosure Action to the Bankruptcy Court, the Debtor is streamlining the process of resolving the inextricably intertwined issues of the State Court Action and the Chapter 11 Case.  As a result, the Debtor believes that it will be able to emerge from bankruptcy protection much more quickly.

19.     The Bankruptcy Court has jurisdiction over the State Court Lien Foreclosure Action pursuant to 28 U.S.C. § 1334(b) and the "Standing Order of Referral

of Cases to Bankruptcy Judges" for the Southern District of New York, dated July 10,

1984 (Ward, Acting C. J.) Venue of this case and the Application is proper in this district

pursuant to 28 U.S.C. §§ 1409 and 1452.

20.     The State Court Lien Foreclosure Action is a civil proceeding relating to

the Chapter 11 Case.  Removal is appropriate because the State Court Lien Foreclosure

Action involves issues relating to a determination of the assets and liabilities of the

Debtor.   Removal is also appropriate because resolution of the issues that are the subject

of the State Court Lien Foreclosure Action is a key element in the Debtors ability to

successfully reorganize in a timely fashion.

21.     Upon information and belief, upon removal, the State Court Action is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).]

22.     Upon removal, the Debtor consents to entry of final orders or judgment

by the Bankruptcy Court.

23.     In accordance with Rule 9027(a)(1) of the Federal Rules of Bankruptcy

Procedure, a copy of process and pleadings in the State Court Action is annexed hereto as

Exhibit A.

24.     This Notice of Removal is filed within ninety (90) days of the order for

relief in the Chapter 11 Case, in accordance with Rule 9027(a)(2) of the Federal Rules of

Bankruptcy Procedure.

**NOW THEREFORE**, all parties to the State Court Lien Foreclosure

Action are **HEREBY NOTIFIED**, pursuant to Rule 9027(b) & (e) of the Federal Rules of Bankruptcy Procedure, as follows:

Removal of the State Court Lien Foreclosure Action and all claims and causes of action therein to the Bankruptcy Court will be effected upon the filing of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, Westchester County, pursuant to Rule 9027(e) of the Federal Rules of Bankruptcy Procedure. Upon such filing, the parties to the State Court Lien Foreclosure Action shall proceed no further in the State Court unless and until this action is remanded by the Bankruptcy Court.

Dated: Eastchester, New York
May 21, 2007

Respectfully submitted,

ANNE PENACHIO

By:_____
Anne Penachio (AJP-9721)
Counsel for Certified Fence Corp.
575 White Plains Road
Eastchester, New York 10709
Tel.: (914) 961-6003

Attorney for the Debtor and Debtor in Possession

7

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

CERTIFIED FENCE CORPORATION,

Plaintiff,

-against-

COLUMBUS CONSTRUCTION CORP. d/b/a
COLUMBUS CONSTRUCTION, INC., UNITED
STATES FIRE INSURANCE COMPANY, THE NEW
YORK STATE DEPARTMENT OF
TRANSPORTATION, NEW YORK STATE OFFICE OF
THE STATE COMPTROLLER, C.L. CONSULTING
AND MANAGEMENT CORP., TILCON NEW YORK
INC., TRINITY INDUSTRIES, INC., BINGHAMTON
PRECAST & SUPPLY CORP., M.V.M. CONTRACTING
CORP., COASTAL PIPELINE PRODUCTS CORP.,
HERMOSA CORP., GOTHAM EQUIPMENT AND
SUPPLY CORP., DI HIGHWAY SIGN & STRUCTURE
CORP. and MCCAREY LANDSCAPING, INC.,

Defendants.

Index No. 25069

Date Filed: 12/28/06

**SUMMONS**

# RECEIVED

DEC 2 8 2006

TIMOTHY C. IDONI
**COUNTY CLERK**
COUNTY OF **WESTCHESTER**

**YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and to serve a copy of your answer, or, if the Verified Complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York), and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein. The basis for the venue designated is Plaintiff and Defendant Columbus Construction Corp. d/b/a Columbus Construction, Inc. maintain their principal place of business in Westchester County and the cause of action arose in Westchester County.

Dated: White Plains, New York
      December 28, 2006

YOURS, ETC.,

George S. Kokkalenios, Esq.
Attorney for Plaintiff
Certified Fence Corporation
50 Main Street, Suite 1000
White Plains, New York 10606
(914) 682-6884

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF WESTCHESTER

CERTIFIED FENCE CORPORATION,

                                              Plaintiff,

-against-

COLUMBUS CONSTRUCTION CORP. d/b/a
COLUMBUS CONSTRUCTION, INC., UNITED
STATES FIRE INSURANCE COMPANY, THE NEW
YORK STATE DEPARTMENT OF
TRANSPORTATION, NEW YORK STATE OFFICE OF
THE STATE COMPTROLLER, C.L. CONSULTING
AND MANAGEMENT CORP., TILCON NEW YORK
INC., TRINITY INDUSTRIES, INC., BINGHAMTON
PRECAST & SUPPLY CORP., M.V.M. CONTRACTING
CORP., COASTAL PIPELINE PRODUCTS CORP.,
HERMOSA CORP., GOTHAM EQUIPMENT AND
SUPPLY CORP., DI HIGHWAY SIGN & STRUCTURE
CORP. and MCCAREY LANDSCAPING, INC.,

                                              Defendants.

Index No. 25069

Date Filed: 12/28/06

**VERIFIED COMPLAINT TO
FORECLOSE A PUBLIC
IMPROVEMENT LIEN**

# RECEIVED

DEC 2 8 2006

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Plaintiff, for its' complaint against Defendants alleges as follows:

## PARTIES

1.    Plaintiff, Certified Fence Corporation ("Certified") is a corporation

incorporated under the laws of the State of New York, with its' principal place of

business at 59 Grant Avenue, Harrison, New York 10528, engaged in the contracting

business of fencing, rail work and signs.

2.    On information and belief, defendant Columbus Construction,

Corp. d/b/a Columbus Construction Inc. ("Columbus") was at all relevant times

hereinafter mentioned, a domestic corporation duly organized and existing under and by

virtue of the laws of the State of New York, with its' principal place of business at 687 S.

Columbus Avenue, Mount Vernon, New York 10550.

3.    On information and belief, defendant United States Fire Insurance
Company ("U.S. Fire") was at all relevant times hereinafter mentioned, a foreign
corporation duly organized and existing under and by virtue of the laws of the State of
Delaware, and having its' administrative offices in the Township of Morris, New Jersey.
duly authorized by Superintendent of the Department of Insurance of the State of New
York to issue surety bonds.

4.    On information and belief, defendant New York State Department
of Transportation is a public authority assigned *inter alia*, to coordinate, develop, and
maintain the operations of transportation facilities and services for highways in the State
of New York maintaining its' principal address located at 50 Wolf Road, Albany, New
York 12205.

5.    On information and belief, defendant New York State Office of the
State Comptroller is a public authority assigned, *inter alia*, to manage State's assets, issue
reports on State finances, and review State contracts, payrolls, and payments before they
are issued maintaining its' principal address located at 110 State Street, Albany, New
York 12236.

6.    On information and belief, defendant C.L. Consulting and
Management Corp. ("C&L") is a foreign business corporation authorized to conduct
business within the State of New York and maintaining its' principal place of business in
299 Duffy Avenue, Hicksville, New York 11801.

7.    On information and belief, defendant Tilcon New York Inc. ("Tilcon") is a New York corporation maintaining its' principal place of business at 162 Old Mill Road, West Nyack, New York 10994.

8.    On information and belief, defendant Trinity Industries, Inc. ("Trinity") is a foreign corporation authorized to conduct business within the State of New York and maintaining its' principal place of business at 1170 North State Street, Girard, Ohio 44420.

9.    On information and belief, defendant Binghamton Precast & Supply Corp. ("Binghamton Precast") is a New York corporation maintaining its' principal place of business at 18 Phelps Street, Binghamton, New York 13901.

10.    On information and belief, defendant M.V.M. Contracting Corp. ("M.V.M.") is a New York corporation maintaining its' principal place of business at 25 Seventh Street, Pelham, New York 10803.

11.    On information and belief, defendant Coastal Pipeline Products Corp. ("Coastal") is a New York corporation maintaining its' principal place of business at 55 Twomey Avenue, Calverton, New York 11933.

12.    On information and belief, defendant Hermosa Corp. ("Hermosa") is a New York corporation maintaining its' principal place of business at 102 Main Street, New York Mills, New York 13417.

13.    On information and belief, defendant Gotham Equipment and Supply Corp. ("Gotham") is a New York corporation maintaining its' principal place of business at 72 A Oregon Avenue, Bronxville, New York 10708.

3

14. On information and belief, defendant DI Highway Sign & Structure Corp. ("DI Highway") is a New York corporation maintaining its' principal place of business at 40 Greenman Avenue, New York Mills, New York 13417.

15. On information and belief, defendant MCCarey Landscaping, Inc. ("MCCarey") is a New York corporation maintaining its' principal place of business at 128 County Highway 62, Westtown, New York 10998.

16. Jurisdiction and venue are proper in that the acts complained of herein occurred in Westchester County. Columbus has its' principal place of business in Westchester County, and the contracts at issue specifically designate the Supreme Court of the State of New York, Westchester County as the forum to hear all disputes arising under the contracts.

## GENERAL FACTUAL ALLEGATIONS

17. Upon information and belief, on or before, April 1, 2004, Columbus entered into a contract with the State of New York Department of Transportation ("DOT") for the "Resurfacing, Restoration and Rehabilitation I-684, from Cross Westchester Expressway to County Route 32 in Westchester County, New York (the "Project"), Contract No. D259569 (the "Prime Contract") for consideration set forth therein. The Prime Contract was executed in accordance with the laws of the State of New York. Reference is made to the Prime Contract which is on file in the Office of New York State Department of Transportation for the terms thereof.

18. Upon information and belief, after the making of the Prime Contract, Defendant Columbus, as contractor, doing business as and under the name of

Columbus Construction Inc. entered into a subcontract agreement with Certified, on or about October 25, 2004, under and by which Certified agreed to furnish certain fencing labor, materials and equipment necessary to complete all Sign, Fence and Rail work on the Project (the "Subcontract"), which said services were required to be used by Columbus in accordance with the plans and specifications set forth in the Prime Contract between the New York State Department of Transportation and Columbus.

19.    Between the period of on or about, October, 2004 to June, 2004 Plaintiff provided the necessary work, labor, services and materials as ordered and agreed by defendant Columbus on Contract No. D259569 and Plaintiff furnished extra labor and materials to Columbus at the New York State Department of Transportation's special instance and request, for which extra labor and materials Columbus agreed to pay.

20.    Plaintiff provided and completed all labor, materials and services required under the Subcontract and in accordance with the terms of the Subcontract and the Prime Contract.

21.    Plaintiff provided and completed all additional labor, materials and services pursuant to the special request of Columbus, and the DOT, with the express consent of Columbus.

22.    Plaintiff has only been partially paid for its' work, leaving a balance due in the amount of $392,920.86, no part of which has been paid although duly demanded.

23.    On or about June, 2006, pursuant to New York State Lien Law, Plaintiff filed with the Finance Administrator of the New York State Department of Transportation, which is the head of the department having charge of the contract existing

Prime Contract, and the New York State Office of the State Comptroller a notice of lien and notice of public improvement lien by certified mail return receipt requested on Columbus.

24.   Neither the said lien nor the claim upon which it is founded has been waived, satisfied in whole or in part, except that an undertaking as hereafter alleged and the lien was discharged. An undertaking in the amount of $432,212,924 was duly executed by defendant Columbus, as dated August 24, 2006, and defendant U.S. Fire, as surety, dated August 24, 2006. Upon information and belief, the undertaking complied in all respects with the requirements of the New York State Lien Law and was duly approved in form and substance by the New York State Department of Transportation and the New York State Office of the State Comptroller.

25.   Consequently, defendant U.S. Fire is liable for any sum adjudged in this action to be due and owing upon Plaintiff's lien.

26.   No action has been taken and no proceedings have heretofore been instituted for the foreclosure or enforcement of said lien.

27.   Upon information and belief, all defendants listed in this matter with the exception of the DOT, New York State Comptroller, and Columbus, each have or claim a mechanic's lien or claim against the Prime Contract and moneys due or to become due thereunder and/or otherwise have or claim to have a mechanic's lien or claim or interest with respect to the public improvement which is the subject of this action.

28.   Upon information and belief, no other parties other than those named in this action, have or claim to have any lien or interest in or upon the funds due or to become due under the Prime Contract or the Subcontract.

6

WHEREFORE, Plaintiff demands judgment:

(a) Adjudicating that its' claims is a valid lien to the extent of $392,920.86 with interest upon monies due or to become due from defendants New York State Department of Transportation or the Office of the State Comptroller to defendant Columbus Construction Corp., under and by virtue of the Prime Contract;

(b) Adjusting and determining the equities of all parties to this action, and determining the validity, extent and priority of all claims and liens to be asserted herein;

(c) That Judgment be rendered in form only against the Project herein described above and defendant U.S. Fire, as surety of the aforesaid undertaking and Columbus be adjudged liable to Plaintiff for the amount of said lien, with interest thereon, and that Plaintiff recover judgment against them; and

(d) For such other and further relief as the Court deems proper and just.

YOURS, ETC.

Dated: White Plains, New York
December 28, 2006

Attorney for Plaintiff

George S. Kokkalenios, Esq.
50 Main Street
Suite 1000
White Plains, New York 10606
(914) 682-6884

7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

CERTIFIED FENCE CORPORATION,

                                              Plaintiff,

                -against-

COLUMBUS CONSTRUCTION CORP. D/B/A COLUMBUS CONSTRUCTION, INC.,
UNITED STATES FIRE INSURANCE COMPANY, THE NEW YORK STATE
DEPARTMENT OF TRANSPORTATION, NEW YORK STATE OFFICE OF THE
STATE COMPTROLLER, C. L. CONSULTING AND MANAGEMENT CORP.,
TILCON NEW YORK INC., TRINITY INDUSTRIES, INC., BINGHAMTON
PRECAST & SUPPLY CORP., M.V.M. CONTRACTING CORP., COASTAL
PIPELINE PRODUCTS CORP., HERMOSA CORP , DI HIGHWAY SIGN &
STRUCTURE CORP. AND MCCAREY LANDSCAPING, INC.

                                              Defendants.

---

**VERIFIED ANSWER**

Index N° 25069

---

         Defendants New York State Department of Transportation ("DOT") and New York State

Office of the State Comptroller ("Comptroller"), by their attorney, Andrew M. Cuomo, Attorney

General of the State of New York, for their Answer to the Complaint in the above-entitled Action

herein allege, upon information and belief:

         FIRST:   Admit the allegations of paragraph 2 of the Complaint.

         SECOND:   Admit the allegations of paragraph 4 of the Complaint only to the extent that

they allege or may allege that defendant DOT is an agency of the State of New York and that its

principal address is 50 Wolf Road, Albany, New York; deny that zip code for said address is

12205; affirmatively allege that said zip code is 12232; and respectfully refer the Court to

applicable statutes for the duties and responsibilities of DOT.

         THIRD:   Admit the allegations of paragraph 5 of the Complaint only to the extent that

they allege or may allege that defendant Comptroller is a public officer or agency of the State of

New York and that its principal address is 110 State Street, Albany, New York 12236; and

respectfully refer the Court to applicable statutes for the duties and responsibilities of the Comptroller.

FOURTH: Admit the allegations of paragraph 17 of the Complaint only to the extent that they allege or may allege that defendant Columbus Construction Corp. entered into a contract with defendant DOT for the resurfacing, restoration and rehabilitation of I-684, from Cross Westchester Expressway to County Route 32 in Westchester County, New York for consideration set forth therein (Contract No. D259569); deny that the Contract was entered into on or before April 1, 2004; and affirmatively allege that the Contract was let out to bid on April 15, 2004 and was awarded on September 13, 2004.

FIFTH: Admit the allegations of paragraph 23 of the Complaint only to the extent that plaintiff filed a notice of lien for public improvement with defendant DOT in June 2006; deny that a notice of lien for public improvement was filed with defendant Comptroller at that time; affirmatively allege that the notice of lien for public improvement lien is dated June 29, 2006 and was received and filed with defendant Comptroller on July 11, 2006; and lack knowledge or information sufficient to form a belief concerning the remaining allegations of this paragraph.

SIXTH: Admit the allegations of paragraph 24 of the Complaint only to the extent that they allege or may allege that an undertaking was executed by defendant Columbus Construction Corp. and defendant United States Fire Insurance Company on August 24, 2006 and that the aforesaid lien of plaintiff was discharged thereby; deny that the amount of the undertaking is $432,212,924; affirmatively allege that the amount of the undertaking is $432,212.94; and lack knowledge or information sufficient to form a belief concerning the remaining allegations of paragraph 24 of the Complaint.

2

SEVENTH: Lack knowledge or information sufficient to form a belief concerning the allegations of paragraphs 1, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 25, 26 and 28 of the Complaint.

EIGHTH: In response to the allegations of paragraph 27 of the Complaint, respectfully refer to the lien docket pertaining to the public improvement contract underlying this action maintained by the Comptroller of the State of New York, a copy of such docket current as of February 5, 2007 annexed hereto and made a part of this response.

AS A FIRST DEFENSE TO THE COMPLAINT, DEFENDANTS NEW YORK STATE DEPARTMENT OF TRANSPORTATION AND COMPTROLLER ALLEGE:

NINTH: The State of New York is a required party defendant in this action to foreclose a lien for public improvement under Section 44, subdivision 6 of the Lien Law.

TENTH: Plaintiff has not named the State of New York as a party defendant as required by this statute.

ELEVENTH: Plaintiff proceeds in the absence of a necessary party, the State of New York.

AS A SECOND DEFENSE TO THE COMPLAINT, DEFENDANTS NEW YORK STATE DEPARTMENT OF TRANSPORTATION AND COMPTROLLER ALLEGE:

TWELFTH: Reallege the Ninth through Eleventh paragraphs of this Answer.

THIRTEENTH: Plaintiff has not served the Attorney General of the State of New York as required by Section 44, subdivision 6 of the Lien Law, and the Court lacks personal jurisdiction over the State of New York, and its agency the New York State Department of Transportation, and the Comptroller of the State of New York in this action.

3

AS A THIRD DEFENSE TO THE COMPLAINT, DEFENDANTS NEW YORK STATE
DEPARTMENT OF TRANSPORTATION AND COMPTROLLER ALLEGE:

FOURTEENTH:   As alleged in the complaint and admitted by these defendants, the lien of

plaintiff has been discharged of record by the Comptroller of the State of New York on or about

September 6, 2006 by the filing of a bond.

FIFTEENTH:   The State of New York, and its agencies DOT and Comptroller, are

therefore not necessary parties to this action pursuant to § 44-b of the Lien Law.

AS A FOURTH DEFENSE, DEFENDANTS NEW YORK STATE
DEPARTMENT OF TRANSPORTATION AND COMPTROLLER ALLEGE:

SIXTEENTH:   No personal relief may be awarded in this action against the State of New

York, or its agencies named as defendants, with the relief, if any, to be awarded limited to funds,

if any, due and payable to defendant Columbus Construction Corp. pursuant to § 60 of the Lien

Law.

WHEREFORE, defendants DOT and Comptroller respectfully ask for judgment

(a) dismissing the complaint of the plaintiff in all respects on the merits or, in the alternative;

(b) determining the amount of monies due, if any, under the applicable contract and available for

payment of any valid liens and claims against the same; (c) determining the alleged liens of

plaintiff and the liens and claims and equities of the parties hereto; (d) if the alleged liens of

plaintiff are found to be established, rendering no personal judgment or award against defendants

New York State Department of Transportation and Comptroller because these liens are limited

to the amount of funds withheld from the applicable contract as required by law; (e) vacating and

4

annulling any notice of pendency filed by plaintiff herein; and (f) granting such other, further and different relief as to the Court may seem just and proper.

Dated:  February 16, 2007

ANDREW M. CUOMO, Attorney General
of the State of New York

BY: _____

C. MICHAEL REGEL, Assistant
Attorney General of Counsel
Attorney for Defendants New York State
Department of Transportation and
New York State Office of the State Comptroller
The Capitol
Albany, New York   12224
**(518) 474-6777**

Statement of Compliance, 22 NYCRR § 215.3
Printed (Reproduced) on Recycled Paper

TO:     GEORGE S. KOKKALENIOS, ESQ.
Attorney for Plaintiff
50 Main Street, Suite 1000
White Plains, New York 10606

5

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF WESTCHESTER

CERTIFIED FENCE CORPORATION,

Plaintiff,

-against-

COLUMBUS CONSTRUCTION CORP. d/b/a
COLUMBUS CONSTRUCTION, INC., UNITED
STATES FIRE INSURANCE COMPANY, THE NEW
YORK STATE DEPARTMENT OF
TRANSPORTATION, NEW YORK STATE OFFICE OF
THE STATE COMPTROLLER, C.L. CONSULTING
AND MANAGEMENT CORP., TILCON NEW YORK
INC., TRINITY INDUSTRIES, INC., BINGHAMTON
PRECAST & SUPPLY CORP., M.V.M. CONTRACTING
CORP., COASTAL PIPELINE PRODUCTS CORP.,
HERMOSA CORP., GOTHAM EQUIPMENT AND
SUPPLY CORP., DI HIGHWAY SIGN & STRUCTURE
CORP. and MCCAREY LANDSCAPING, INC.,

Defendants.

Index No. 25067

Date Filed: 12/28/06

**LIS PENDENS IN ACTION TO
FORECLOSE A PUBLIC
IMPROVEMENT LIEN**

RECEIVED

DEC 28 2006

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

TO:  Director of Finance for the New York State Department of Transportation
The New York State Office of the State Comptroller

Notice is given that an action has been commenced and is now pending in
the Supreme Court of the State of New York, County of Westchester, upon the verified
complaint of the above named Plaintiff against the above-named Defendants to foreclose
a mechanic's lien in the amount of $392,920.86 based upon a notice of lien verified by
the Plaintiff on June 29, 2006 with the Director of Finance for the New York State
Department of Transportation and that the lien sought to be foreclosed by this action is a
lien against a public improvement contract, the public improvement being the
"Resurfacing, Restoration and Rehabilitation I-684, from Cross Westchester Expressway

to County Route 32 in Westchester County, New York, Contract No. D259569 and the

contract is between the New York State Department of Transportation and Columbus

Construction Corp. d/b/a Columbus Construction, Inc.

*Westchester County Clerk,* The Director of Finance for the New York State Department of

Transportation and The New York State Office of the State Comptroller will please index

this Notice against Columbus Construction Corp. *and all defendants.*

Dated: White Plains, New York
        December 28, 2006

Attorney for Plaintiff

George S. Kokkalenios, Esq.
50 Main Street
Suite 1000
White Plains, New York 10606
(914) 682-6884

2